UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIS COMMUNICATIONS, INC. | CIVIL ACTION 06-2033 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| MICKEY WEAVER, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### Report and Recommendation on Motion to Remand

Before the court is plaintiffs' motion to remand, **Doc. #23**, referred to me by the district judge for report and recommendation.

This is a suit in which plaintiffs claim damages due to breach of contract. Suit was filed in state court in Avoyelles Parish and removed by defendant State Farm to this court based on diversity jurisdiction. In the petition, plaintiff stated that its claims were less than $75,000. Defendant stated, in the notice of removal, that this court has jurisdiction because plaintiff has not filed a binding stipulation that its damages are less than the jurisdictional limits of this court and because of plaintiff's allegations contained in its petition resulting in "loss (sic) revenue and expenses" and "charge backs, lost equipment purchased . . . as well as expenses required for remediation of faulty work." Defendant concluded that "[t]here is no indication of the amounts associated with these open-ended alleged damages, which, based upon the pleadings as currently worded, as well as considering the potential revenues, costs, and expenses in the communications

1

industry, at a minimum reach $75,000." No evidence or affidavits were attached to the defendant's notice of removal.

Plaintiffs move to remand asserting that failure to file a binding stipulation does not, *ipso facto*, mean that the jurisdictional limits are met, and that defendant has failed to prove that the damages exceed $75,000.

Analysis

## Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by

setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). The parties may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages; in fact, the petition states that plaintiff is not seeking damages in excess of the jurisdictional limit. Defendant argues that the damages are facially apparent from the petition and refers the court to the nature of the damages sought by plaintiff and to plaintiff's failure to file a stipulation.

3

However, there is nothing in the petition to indicate that the damages sought are of any particular value or that they exceed $75,000. They are not facially apparent. Neither is there any legal requirement that a plaintiff file a stipulation in order to prevent federal jurisdiction. Rather, defendant must show by a preponderance of evidence that the amount in dispute is more than $75,000. This, defendants have wholly failed to do. Defendant has referred the court to no evidence other than the plaintiff's bare petition in arguing that the jurisdictional limit is met. Jursidiction is not facially apparent from the petition.

For these reasons, IT IS RECOMMENDED THAT plaintiff's Motion to Remand, be GRANTED. Although plaintiff has not sought damages for the improvident remand, IT IS RECOMMENDED that the district judge impose sanctions against defendant and its attorneys for this baseless removal.

### **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 13TH day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE